ENDORSED
F I L E D
San Francisco County Superior Court

FEB 2 2 2011

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
Deputy Clerk

1  Matthew Righetti (SBN 121012)
   John Glugoski (SBN 191551)
2  Michael C. Righetti (SBN 258541)
   **RIGHETTI ● GLUGOSKI P.C.**
3  456 Montgomery Street, Suite 1400
   San Francisco, California 94104
4  Tel: (415) 983-0900 / Fax: (415) 397-9005

5  Gene Williams (SBN 211390)
   Arnab Banerjee (SBN 252618)
6  **INITIATIVE LEGAL GROUP APC**
   1800 Century Park East, 2nd Floor
7  Los Angeles, California 90067
   Tel: (310) 556-5634 / Fax: (310) 861-9051

8  Edwin Aiwazian (SBN 232943)
   Ghazaleh Hekmatjah (SBN 259662)
9  Jill Parker (SBN 274230)
   Maria F. Nickerson (SBN 274225)
10 **THE AIWAZIAN LAW FIRM**
   410 West Arden Avenue, Suite 203
11 Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
12

13 *Attorneys for* Plaintiff

14

15 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16 **FOR THE COUNTY OF SAN FRANCISCO**

17

18 | CAROLINA RUMOHR, individually, and | Case No.: CGC-11-508433
19 | on behalf of other members of the general | **CLASS ACTION COMPLAINT FOR**
   | public similarly situated; | **DAMAGES**
20 | Plaintiff, |
21 | vs. | (1) Violation of California Labor Code
22 | | § 1194 (Unpaid Minimum and
   | COMERICA BANK, a Texas corporation; | Overtime Wages)
23 | COMERICA INCORPORATED, a | (2) Violation of California Business and
   | Delaware corporation; and COMERICA | Professions Code §§ 17200, et seq.
24 | MANAGEMENT COMPANY, INC., a |
   | Michigan corporation; and DOES 1 through | **DEMAND FOR JURY TRIAL**
25 | 100, inclusive, |
26 | Defendants. |
27
28

FILED BY FAX

1  Matthew Righetti (SBN 121012)
   John Glugoski (SBN 191551)
2  Michael C. Righetti (SBN 258541)
   **RIGHETTI • GLUGOSKI P.C.**
3  456 Montgomery Street, Suite 1400
   San Francisco, California 94104
4  Tel: (415) 983-0900 / Fax: (415) 397-9005

5  Gene Williams (SBN 211390)
   Arnab Banerjee (SBN 252618)
6  **INITIATIVE LEGAL GROUP APC**
   1800 Century Park East, 2nd Floor
7  Los Angeles, California 90067
   Tel: (310) 556-5634 / Fax: (310) 861-9051

8  Edwin Aiwazian (SBN 232943)
   Ghazaleh Hekmatjah (SBN 259662)
9  Jill Parker (SBN 274230)
   Maria F. Nickerson (SBN 274225)
10 **THE AIWAZIAN LAW FIRM**
   410 West Arden Avenue, Suite 203
11 Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021

12
13 *Attorneys for* Plaintiff

14

15             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                  **FOR THE COUNTY OF SAN FRANCISCO**

17

| | |
|---|---|
| 18  CAROLINA RUMOHR, individually, and on behalf of other members of the general 19  public similarly situated; | Case No.: |
| 20            Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| 21       vs. | (1)  Violation of California Labor Code § 1194 (Unpaid Minimum and |
| 22  COMERICA BANK, a Texas corporation; COMERICA INCORPORATED, a 23  Delaware corporation; and COMERICA MANAGEMENT COMPANY, INC., a 24  Michigan corporation; and DOES 1 through 100, inclusive, | Overtime Wages) (2)  Violation of California Business and Professions Code §§ 17200, et seq. |
| 25 | **DEMAND FOR JURY TRIAL** |
| 26            Defendants. | |

27

28

COMES NOW, Plaintiff CAROLINA RUMOHR ("Plaintiff"), individually, and on behalf of members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages, interest, and pro rata share of attorneys' fees, is less than $75,000.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and transact business in the County of San Francisco. Plaintiff resides in the State of California, County of San Francisco and the acts and omissions alleged herein took place in the State of California, County of San Francisco.

5.     The total amount in controversy as a result of this lawsuit inclusive of attorneys' fees is less than $5,000,000.

///

///

1

## PARTIES

6.  Plaintiff is an individual residing in the County of San Francisco, in the State of California.

7.  Defendant COMERICA BANK is a corporation organized and existing under the laws of the State of Texas, and transacts business throughout the State of California, including the County of San Francisco.

8.  Defendant COMERICA INCORPORATED is a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of San Francisco.

9.  Defendant COMERICA MANAGEMENT COMPANY, INC. ("CMCI") is a corporation organized and existing under the laws of the State of Michigan, and transacts business in the State of California, including the County of San Francisco.

10.  CMCI is a subsidiary of COMERICA BANK, which is a subsidiary of COMERICA INCORPORATED.

11.  Although separate legal entities, COMERICA INCORPORATED, COMERICA BANK, and CMCI share COMERICA INCORPORATED's Department of Human Resources, as well as its information systems, technology, legal department and treasury.

12.  At all relevant times, COMERICA INCORPORATED, COMERICA BANK, and CMCI were jointly and severally the "employer" of Plaintiff and the other class members within the meaning of all applicable state laws and statutes and will hereinafter collectively be referred to as "Comerica."

13.  COMERICA INCORPORATED owns and operates approximately one-hundred (100) Comerica Banking Centers within the State of California, including the County of San Francisco. The operation of the banking centers are grouped into the following four distinct geographic districts: "South Coast;" "Greater Los Angeles;" "San Francisco Bay Area;" and "Northern California." Each district has its own Regional Manager who is responsible for the operation of the banking centers in that

2

1 | district. The Comerica Banking Centers that fall under COMERICA
2 | INCORPORATED's "San Francisco Bay Area District" are located within the Counties
3 | of San Francisco, San Mateo, Alameda, and Sacramento.

4 | 14. Plaintiff is informed and believes, and thereon alleges, that each and all of
5 | the acts and omissions alleged herein was performed by, or is attributable to
6 | Defendants, each acting as the agent for the other, with legal authority to act on the
7 | other's behalf. The acts of any and all Defendants were in accordance with, and
8 | represent the official policy of, Defendants.

9 | 15. At all times herein mentioned, Defendants, and each of them, ratified each
10 | and every act or omission complained of herein. At all times herein mentioned,
11 | Defendants, and each of them, aided and abetted the acts and omissions of each and all
12 | the other Defendants in proximately causing the damages herein alleged.

13 | 16. At all times herein relevant, Comerica and DOES 1 through 100, and each
14 | of them, were the agents, partners, joint venturers, representatives, servants, employees,
15 | successors-in-interest, co-conspirators and assigns, each of the other, and at all times
16 | relevant hereto were acting within the course and scope of their authority as such
17 | agents, partners, joint venturers, representatives, servants, employees, successors, co-
18 | conspirators and assigns, and all acts or omissions alleged herein were duly committed
19 | with the ratification, knowledge, permission, encouragement, authorization and consent
20 | of each defendant designated herein.

21 | 17. The true names and capacities, whether corporate, associate, individual or
22 | otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who
23 | sues said defendants by such fictitious names. Plaintiff is informed and believes, and
24 | based on that information and belief alleges, that each of the defendants designated as a
25 | DOE is legally responsible for the events and happenings referred to in this Complaint,
26 | and unlawfully caused the injuries and damages to Plaintiff as alleged in this
27 | Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true
28 | names and capacities when the same have been ascertained.

3

1     18.    Comerica and DOES 1 through 100 will hereinafter collectively be

2  referred to as "Defendants."

3     19.    Plaintiff further alleges that Defendants including the unknown defendants

4  identified as DOES, directly or indirectly controlled or affected the working conditions,

5  wages, working hours, and conditions of employment of Plaintiff and the other class

6  members so as to make each of said Defendants employers and employers liable under

7  the statutory provisions set forth herein.

8                  **CLASS ACTION ALLEGATIONS**

9     20.    Plaintiff brings this action on her own behalf and on behalf of all other

10  members of the general public similarly situated and, thus, seeks class certification

11  under Code of Civil Procedure section 382.

12     21.    The proposed class is defined as follows:

13        All current and former California-based salaried "Assistant Banking Center

14        Managers," or persons who held similar job titles and/or performed similar job

15        duties, who worked at a Comerica Banking Center located within Defendant's

16        "San Francisco Bay Area District" at any time during the period from November

17        3, 2005 to final judgment.[1]

18     22.    Plaintiff reserves the right to establish subclasses as appropriate.

19     23.    The class is ascertainable and there is a well-defined community of

20  interest in the litigation:

21        a.    Numerosity: The class members are so numerous that joinder of all

22            class members is impracticable.  The membership of the entire

23            class is unknown to Plaintiff at this time; however, the class is

24            estimated to be approximately forty-five (45) individuals and the

25            identity of such membership is readily ascertainable by inspection

26

27    ────────────────

[1] Defendant has been on notice of the underlying factual allegations in this lawsuit since November 3, 2009, the

28  filing date of *Cordova v. Comerica Bank, et al.,* Case No. BC425226.  Accordingly, the class that Plaintiff seeks to represent, as set forth in the class definition, begins on November 3, 2005 (four years prior to the filing of the *Cordova* action).

1    of Defendants' employment records.

2    b.    Typicality: Plaintiff's claims are typical of all other class members'

3          as demonstrated herein. Plaintiff will fairly and adequately protect

4          the interests of the other class members with whom he has a well-

5          defined community of interest.

6    c.    Adequacy: Plaintiff will fairly and adequately protect the interests

7          of each class member, with whom he has a well-defined

8          community of interest and typicality of claims, as demonstrated

9          herein. Plaintiff has no interest that is antagonistic to the other

10         class members. Plaintiff's attorneys, the proposed class counsel,

11         are versed in the rules governing class action discovery,

12         certification, and settlement. Plaintiff has incurred, and during the

13         pendency of this action will continue to incur, costs and attorneys'

14         fees, that have been, are, and will be necessarily expended for the

15         prosecution of this action for the substantial benefit of each class

16         member.

17   d.    Superiority: A class action is superior to other available methods

18         for the fair and efficient adjudication of this litigation because

19         individual joinder of all class members is impractical.

20   e.    Public Policy Considerations: Certification of this lawsuit as a class

21         action will advance public policy objectives. Employers of this

22         great state violate employment and labor laws every day. Current

23         employees are often afraid to assert their rights out of fear of direct

24         or indirect retaliation. However, class actions provide the class

25         members who are not named in the complaint anonymity that

26         allows for the vindication of their rights.

27   ///

28   ///

5

24.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.     Whether Defendants' California based salaried "Assistant Banking Center Managers," or persons who held similar job titles and/or performed similar job duties, were classified as "exempt" in violation of California law;

c.     Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.     Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the other class members to work during meal periods without compensation;

e.     Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

f.     Whether Defendants failed to pay minimum wages to Plaintiff and the other class members;

g.     Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.     Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

///

6

1         i.    Whether Defendants complied with wage reporting as required by
2                the California Labor Code; including, *inter alia*, section 226;
3         j.    Whether Defendants kept complete and accurate payroll records as
4                required by the California Labor Code, including, *inter alia*, section
5                1174(d);
6         k.    Whether Defendants' conduct was willful or reckless;
7         l.    Whether Defendants engaged in unfair business practices in
8                violation of California Business & Professions Code sections
9                17200, et seq.;
10         m.   The appropriate amount of damages, restitution, and/or monetary
11                penalties resulting from Defendants' violation of California law;
12                and
13         n.    Whether Plaintiff and the other class members are entitled to
14                compensatory damages pursuant to the California Labor Code.

15                           **GENERAL ALLEGATIONS**

16     25.    At all relevant times set forth herein, Defendants employed Plaintiff and
17 other persons as salaried "exempt" employees.

18     26.    Defendants, jointly and severally, employed Plaintiff as an "Assistant
19 Banking Center Manager," which is an "exempt" salaried position, from in or around
20 February 2006 until in or around April 2008 in a Comerica Banking Center located
21 within Defendants' "San Francisco Bay Area District."

22     27.    Defendants hired Plaintiff, misclassified her as an "exempt" employee,
23 and paid her on a salary basis, without any compensation for overtime hours worked,
24 missed meal periods or rest breaks.

25     28.    Defendants had the authority to hire and terminate Plaintiff and the other
26 class members; to set work rules and conditions governing Plaintiff's and the other
27 class members' employment; and to supervise their daily employment activities.

28 ///

1    29.    Defendants exercised sufficient authority over the terms and conditions of
2  Plaintiff's and the other class members' employment for them to be joint employers of
3  Plaintiff and the other class members.

4    30.    Defendants directly hired and paid wages and benefits to Plaintiff and the
5  other class members.

6    31.    Defendants continue to employ "exempt" or salary paid employees within
7  the State of California.

8    32.    Plaintiff is informed and believes, and based thereon alleges, that at all
9  times herein relevant, Defendants were advised by skilled lawyers and other
10  professionals, employees, advisors, and consultants highly knowledgeable about
11  California wage laws, employment and personnel practices.

12    33.    Plaintiff is informed and believes, and based thereon alleges, that at all
13  times herein relevant, without any justification, Defendants ignored the employment
14  and personnel policy changes proposed by skilled lawyers and other professionals,
15  employees, advisors, and consultants highly knowledgeable about California wage
16  laws, employment and personnel practices.

17    34.    Plaintiff and the other class members worked over eight (8) hours in a
18  day, and/or forty (40) hours in a week during their employment with Defendants.

19    35.    Plaintiff is informed and believes, and based thereon alleges, that
20  Defendants engaged in a uniform policy and systematic scheme of wage abuse against
21  their "Assistant Banking Center Managers." This scheme involved, *inter alia*,
22  misclassifying these position as "exempt" for purposes of the payment of overtime
23  compensation when, in fact, they were "non-exempt" employees according to
24  California law.

25    36.    Plaintiff is informed and believes, and based thereon alleges, that
26  Defendants knew or should have known that Plaintiff and the other class members were
27  entitled to receive certain wages for overtime compensation and that they were not
28  receiving wages for overtime compensation.

8

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

///

///

9

1      42.   Plaintiff is informed and believes, and based thereon alleges, that

2 Defendants knew or should have known that Plaintiff and the other class members were

3 entitled to receive all wages owed to them during their employment. Plaintiff and the

4 other class members did not receive payment of all wages, including overtime and

5 minimum wages and meal and rest period premiums, within any time permissible under

6 California Labor Code section 204.

7      43.     Plaintiff is informed and believes, and based thereon alleges, that

8 Defendants knew or should have known that Plaintiff and the other class members were

9 entitled to receive complete and accurate wage statements in accordance with California

10 law, but, in fact, they did not receive complete and accurate wage statements from

11 Defendants. The deficiencies included, *inter alia*, the failure to include the total

12 number of hours worked by Plaintiff and the other class members.

13      44.     Plaintiff is informed and believes, and based thereon alleges, that

14 Defendants knew or should have known that Defendants had to keep complete and

15 accurate payroll records for Plaintiff and the other class members in accordance with

16 California law, but, in fact, did not keep complete and accurate payroll records.

17      45.     Plaintiff is informed and believes, and based thereon alleges, that

18 Defendants knew or should have known that they had a duty to compensate Plaintiff

19 and the other class members pursuant to California law, and that Defendants had the

20 financial ability to pay such compensation, but willfully, knowingly, and intentionally

21 failed to do so, and falsely represented to Plaintiff and the other class members that they

22 were properly denied wages, all in order to increase Defendants' profits.

23      46.     At all material times set forth herein, Defendants regularly and

24 consistently failed to pay overtime wages to Plaintiff and the other class members.

25 Plaintiff and the other class members were required to work more than eight (8) hours

26 per day and/or forty (40) hours per week without overtime compensation.

27 ///

28 ///

10

1      47.  -  At all material times set forth herein, Defendants regularly and

2  consistently failed to provide uninterrupted meal and rest periods to Plaintiff and the

3  other class members.

4      48.    At all material times set forth herein, Defendants regularly and

5  consistently failed to pay Plaintiff and the other class members at least minimum wages

6  for all hours worked.

7      49.    At all material times set forth herein, Defendants regularly and

8  consistently failed to pay Plaintiff and the other class members all wages owed to them

9  upon discharge or resignation.

10      50.    At all material times set forth herein, Defendants regularly and

11  consistently failed to pay Plaintiff and the other class members wages within any time

12  permissible under California law, including, *inter alia*, California Labor Code section

13  204.

14      51.    At all material times set forth herein, Defendants regularly and

15  consistently failed to provide complete and accurate wage statements to Plaintiff and

16  the other class members.

17      52.    At all material times set forth herein, Defendants regularly and

18  consistently failed to keep complete and accurate payroll records for Plaintiff and the

19  other class members.

20      53.    At all material times set forth herein, Defendants regularly and

21  consistently failed to properly compensate Plaintiff and the other class members

22  pursuant to California law in order to increase Defendants' profits.

23      54.    California Labor Code section 218 states that noting in Article 1 of the

24  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

25  or penalty due to him [or her] under this article."

26  ///

27  ///

28  ///

11

1

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against all DEFENDANTS and DOES 1 through 100)

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, and each and every part thereof with the same force and effect as though fully set forth herein.

56. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provided that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

57. California Labor Code section 1194 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order further provided that it was unlawful to employ persons without compensating them at a rate of pay time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

58. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at a rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

59. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

60. During the relevant time period, Plaintiff and the other class members were not paid for all the hours they worked.

61. During the relevant time period, Plaintiff and the other class members were not paid at least minimum wage compensation for all hours worked.

12

1   62. During the relevant time period, Plaintiff and the other class members
2   were not paid overtime compensation for the hours they worked in excess of eight (8)
3   hours in a day and/or forty (40) hours in a week.

4   63. During the relevant time period, Defendants willfully failed to pay
5   minimum wages to Plaintiff and the other class members as required, pursuant to
6   California Labor Code sections 1194, 1197, and 1197.1.

7   64. During the relevant time period, Defendants willfully failed to pay all
8   overtime wages owed to Plaintiff and the other class members as required, pursuant to
9   California Labor Code sections 510, 1194 and 1198.

10   65. Defendants' failure to pay Plaintiff and the other class members the
11   minimum wage as required violates California Labor Code sections 1194, 1197, and
12   1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to
13   recover the unpaid balance of their minimum wage compensation as well as interest,
14   costs, and attorneys' fees, and liquidated damages in an amount equal to the wages
15   unlawfully unpaid and interest thereon.

16   66. Defendants' failure to pay Plaintiff and the other class members the unpaid
17   balance of overtime compensation, as required by California laws, violates the
18   provisions of California Labor Code sections 510, 1194 and 1198, and is therefore
19   unlawful.

20   67. Pursuant to California Labor Code section 1194, Plaintiff and the other
21   class members are entitled to recover their unpaid minimum wages and overtime
22   compensation, as well as interest, costs, and attorneys' fees.

23   68. Pursuant to California Labor Code section 1197.1, Plaintiff and the other
24   class members are entitled to recover a penalty of one hundred dollars ($100) for the
25   initial failure to timely pay each employee minimum wages, and two hundred and fifty
26   dollars ($250) for each subsequent failure to pay each employee minimum wages.

27   ///
28   ///

13

1    69.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other

2  class members are entitled to recover liquidated damages in an amount equal to the

3  wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Against all DEFENDANTS and DOES 1 through 100)

7    70.    Plaintiff incorporates by reference the allegations contained in paragraphs

8  1 through 69, and each and every part thereof with the same force and effect as though

9  fully set forth herein.

10    71.    Defendants' conduct, as alleged in this Complaint, has been, and

11  continues to be, unfair, unlawful and harmful to Plaintiff and the other class members,

12  and Defendants' competitors. Accordingly, Plaintiff and the other class members seek

13  to enforce important rights affecting the public interest within the meaning of Code of

14  Civil Procedure section 1021.5.

15    72.    Defendants' activities as alleged herein are violations of California law,

16  and constitute unlawful business acts and practices in violation of California Business

17  & Professions Code sections 17200, et seq.

18    73.    A violation of California Business & Professions Code sections 17200,

19  et seq. may be predicated on the violation of any state or federal law. In this instant

20  case, Defendants' policies and practices of requiring employees, including Plaintiff and

21  the other class members, to work overtime without paying them proper compensation

22  violate California Labor Code sections 510 and 1198. Additionally, Defendants'

23  policies and practices of requiring employees, including Plaintiff and the other class

24  members, to work through their meal and rest periods without paying them proper

25  compensation violate California Labor Code sections 226.7 and 512(a). Moreover,

26  Defendants' policies and practices of failing to timely pay wages to Plaintiff and the

27  other class members violate California Labor Code sections 201, 202, 203, and 204.

28  Defendants also violated California Labor Code sections 226(a), and 1174(d).

14

1

### Failure to Pay Overtime

2      74.    Defendants' failure to pay overtime in violation of the Wage Orders and

3 California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful

4 and/or unfair activity prohibited by California Business & Professions Code sections

5 17200, et seq.

6

### Failing to Provide Meal Periods

7      75.    Defendants' failure to provide legally required meal periods in violation

8 of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged

9 above, constitutes unlawful and/or unfair activity prohibited by California Business &

10 Professions Code sections 17200, et seq.

11

### Failure to Provide Rest Periods

12      76.    Defendants' failure to provide legally required rest periods in violation of

13 the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes

14 unlawful and/or unfair activity prohibited by California Business & Professions Code

15 sections 17200, et seq.

16

### Failure to Pay Minimum Wages

17      77.    Defendants' failure to pay minimum wages in violation of the Wage

18 Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above,

19 constitutes unlawful and/or unfair activity prohibited by California Business &

20 Professions Code sections 17200, et seq.

21

### Failure to Timely Pay Wages Upon Termination

22      78.    Defendants' failure to timely pay wages upon termination in violation of

23 California Labor Code sections 201 and 202, as alleged above, constitutes unlawful

24 and/or unfair activity prohibited by California Business & Professions Code sections

25 17200, et seq.

26

### Failure to Timely Pay Wages During Employment

27      79.    Defendants' failure to timely pay wages during employment in violation

28 of California Labor Code section 204, as alleged above, constitutes unlawful and/or

15

1  unfair activity prohibited by California Business & Professions Code sections
2  17200, et seq.

3                    **Failure to Provide Compliant Wage Statements**

4         80.   Defendants' failure to provide compliant wage statements in violation of
5  California Labor Code section 226(a), as alleged above, constitutes unlawful and/or
6  unfair activity prohibited by California Business & Professions Code sections
7  17200, et seq.

8              **Failure to Keep Complete and Accurate Payroll Records**

9         81.   Defendants' failure to keep complete and accurate payroll records in
10  violation of California Labor Code section 1174(d), as alleged above, constitutes
11  unlawful and/or unfair activity prohibited by California Business & Professions Code
12  sections 17200, et seq.

13      **Failure to Reimburse Necessary Business-Related Expenses and Costs**

14         82.   Defendants' failure to reimburse necessary business-related expenses and
15  costs in violation of California Labor Code sections 2800 and 2802, as alleged above,
16  constitutes unlawful and/or unfair activity prohibited by California Business &
17  Professions Code sections 17200, et seq.

18         83.   As a result of the herein described violations of California law,
19  Defendants unlawfully gained an unfair advantage over other businesses.

20         84.   Plaintiff and the other class members have been personally injured and
21  continue to be injured by Defendants' unlawful business acts and practices as alleged
22  herein, including, but not necessarily limited to, the loss of money and/or property.

23         85.   Pursuant to California Business & Professions Code sections 17200,
24  et seq., Plaintiff and the other class members are entitled to restitution of the wages and
25  other monies wrongfully withheld and retained by Defendants pursuant to California
26  Labor Code sections 510 and 1198.

27  ///

28  ///

16

1       86.     Pursuant to California Business & Professions Code sections 17200,

2  et seq., Plaintiff and the other class members are entitled to restitution of the wages

3  withheld and retained by Defendants during the period from November 3, 2005 until

4  final judgment; an award of attorneys' fees pursuant to California Code of Civil

5  Procedure section 1021.5 and other applicable laws; and an award of costs.

6                      **DEMAND FOR JURY TRIAL**

7       Plaintiff, individually, and on behalf of other members of the general public

8  similarly situated, requests a trial by jury.

9                      **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, individually, and on behalf of members of the general

11  public similarly situated, prays for relief and judgment against Defendants, jointly and

12  severally, as follows:

13                      **Class Certification**

14      1.     That this action be certified as a class action;

15      2.     That Plaintiff be appointed as the representative of the Class;

16      3.     That counsel for Plaintiff be appointed as Class Counsel; and

17      4.     That Defendants provide to Class Counsel, immediately upon its

18  appointment, the names and most current contact information (address and telephone

19  numbers) of all class members.

20                **As to the First Cause of Action**

21      5.     That the Court declare, adjudge and decree that Defendants violated

22  California Labor Code sections 510, 1194, 1197, 1197.1, 1198 and applicable IWC Wage

23  Orders by willfully failing to pay all minimum and overtime wages due to Plaintiff and

24  the other class members;

25      6.     For general unpaid wages, unpaid wages at overtime wage rates and such

26  general and special damages as may be appropriate;

27      7.     For pre-judgment interest on any unpaid minimum wages and overtime

28  compensation commencing from the date such amounts were due:

8.      For statutory wage penalties pursuant to California Labor Code section
1197.1 for Plaintiff and the other class members in the amount as may be established
according to proof at trial;

9.      For liquidated damages pursuant to California Labor Code section 1194.2;

10.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to
California Labor Code section 1194(a);

11.     For civil penalties pursuant to California Labor Code sections 2699(a), (f)
and (g) plus costs and attorneys' fees for violation of California Labor Code sections
510 1194, 1197, 1197.1 and 1198; and

12.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Second Cause of Action

13.     That the Court declare, adjudge and decree that Defendants violated
California Business and Professions Code sections 17200, et seq. by failing to provide
Plaintiff and the other class members all overtime compensation due to them, failing to
provide all meal and rest periods to Plaintiff and the other class members, failing to pay
for all missed meal and rest periods to Plaintiff and the other class members, failing to
pay all minimum wages due to Plaintiff and the other class members, failing to pay
Plaintiff's and other class members' wages timely as required by California Labor Code
sections 201, 202, and 204, failing to provide Plaintiff and other class members with
complete and accurate wage statements, and failing to keep complete and accurate
payroll records. For all actual, consequential, and incidental losses and damages,
according to proof;

14.     For restitution of unpaid wages and other monies wrongfully withheld and
retained by Defendants to Plaintiff and the other class members and prejudgment
interest from the day such amount were due and payable;

///

///

18

15.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully withheld acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, et seq.;

16.    For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under California Code of Civil Procedure section 1021.5; and

17.    For such other and further relief as the Court may deem equitable and appropriate.

DATED: February 17, 2011          **THE AIWAZIAN LAW FIRM**

By: _Edwin Aiwazian_
Edwin Aiwazian
*Attorneys for* Plaintiff

19

*3/9/11 2:40pm*

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMERICA BANK, a Texas corporation;
(See form SUM-200(A) attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAROLINA RUMOHR individually, and on behalf of other members of
the general public similarly situated;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Superior Court-Civil Center Courthouse 400 McAllister Street, San Francisco, California 94102 | CASE NUMBER: *(Número del Caso):* **CGC-11-508433** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, The Aiwazian Law Firm, 410 West Arden Avenue, Suite 203, Glendale, CA 91203
Telephone No. (818) 265-1020

| DATE: *(Fecha)* | FEB 2 2 2011 | CLERK OF THE COURT Clerk, by *(Secretario)* | DENNIS TOYAMA | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COMERICA BANK, a TEXAS CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rumohr vs. Comerica Bank, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

COMERICA INCORPORATED, a Delaware Corporation; and COMERICA MANAGEMENT COMPANY, INC., a Michigan corporation; and DOES 1 through 100, inclusive.

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CASE NUMBER: CGC-11-508433  CAROLINA RUMOHR VS. COMERICA BANK et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    JUL-22-2011

TIME:    9:00AM

PLACE:   **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management
statement is filed, served and lodged in Department 610
twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>THE AIWAZIAN LAW FIRM<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020   FAX NO.: (818) 265-1021<br>ATTORNEY FOR *(Name):* Plaintiff Carolina Rumohr | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>FEB 2 2 2011<br><br>CLERK OF THE COURT<br>BY: DENNIS TOYAMA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Rumohr vs. Comerica Bank, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount            (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-11-508433 |
| | | JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

FILED BY FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* 2

5. This case [✓] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 17, 2011

Edwin Aiwazian
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

**Did you know that most civil lawsuits settle without a trial?**

**:And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

# Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- **_ADR can save time._ A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.**

- **_ADR can save money._ Court costs, attorneys fees, and expert fees can be saved.**

- **_ADR can be cooperative._ This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.**

- **_ADR can reduce stress._ There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.**

- **_ADR encourages participation._ The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.**

- **_ADR is flexible._ The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.**

- **_ADR can be more satisfying._ For all the above reasons, many people have reported a high degree of satisfaction with ADR.**

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

### MEDIATION

### *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org**. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

If the Court assigns a matter to the ESP, parties may consult the ESP
program materials accompanying the "Notice of the Early Settlement
Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4
months prior to trial. The settlement conference is typically held 2 to 3
months prior to the trial date. The Bar Association's ESP Coordinator
informs the participants of names of the panel members and location of the
settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case
assigned to the ESP are required to submit a settlement conference
statement prior to the conference. All parties, attorneys who will try the
case, and insurance representatives with settlement authority are required
to attend the settlement conference. If settlement is not reached through
the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee
to the Bar Association of San Francisco. Parties who meet certain eligibility
requirements may request a fee waiver. For more information, please
contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs
or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA   94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION**<br><br>**DEPARTMENT   610** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute
resolution process:**

☐ **Private Mediation**       ☐ **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐ **Binding arbitration**                                                                   Judge _____
☐ **Non-binding judicial arbitration**                                                Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| _____<br>Name of Party Stipulating | _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c.  ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

  c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| _____ | ▶ _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

CM-110 (Rev. January 1, 2009)      **CASE MANAGEMENT STATEMENT**      Page 4 of 4



# Superior Court of California
## County of San Francisco



**HON. KATHERINE FEINSTEIN**
PRESIDING JUDGE

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

01/2011 (rw)